This first case up this afternoon is our case number 4-24-1504 U.S. Bank National Association v. John and Nancy Stachewicz, if that's pronounced correctly. I'll ask the counsel to state your name, beginning with counsel for the appellant, please. Yes, Jeffrey before John Stachewicz. Nancy's passed away, as I noted in my reply brief. Okay, thank you, counsel. Counsel for the appellate? Robert Dysinger on behalf of the appellate, U.S. Bank. Thank you. Mr. Riva, or is it pronounced Riva?  Mr. Riva, thank you. You may begin your argument on behalf of the appellant. Yes, thank you, your honors. I want to focus on the two main arguments. The first, I think you've been briefed. If the court has any questions about the notice argument, I can be happy to answer. Here's basically, to cut to the chase here, is that what they did in this case was they got to the point of getting a judgment of foreclosure, but they didn't put in 304A language. And we warned them, we told them this is not going to be an enforceable order. And that's just the way it just kept going. The judgment of foreclosure ordered the property be sold. The property was sold and the judge confirmed the sale. But we believe that everything that happened from the sale on is all void because there was no 304 finding. And we've recited case from, it's not the foreclosure aspect, but in a case where with a citation of discover assets, you have to have a judgment enforced. Excuse me, counsel. Good afternoon. That's absolutely very different. We have a foreclosure action here. There are statutes that prescribe exactly what is necessary after a judgment of foreclosure in order to have a confirmation of sale. There is nothing, at least that I've seen, as far as authority that requires a 304A finding as a prerequisite for an order confirming the sale. And that seems to be your argument, but there is no authority on point for this, unless you can point to something else that I haven't seen or we haven't seen. Well, I would agree that I could not find a mortgage foreclosure case on point, but Supreme Court rule 304 does not distinguish. I mean, it applies to every case. It doesn't exclude mortgage foreclosure cases. And I think the Supreme Court rules, we at least have to be read side by side with, if not controlling over whatever is in the mortgage foreclosure statute. So it seems clear to us that if you just look at the rule itself, it says that it applies to appealability and enforceability. I don't know what they would have been doing if they had a judgment of foreclosure that ordered a sale and they went ahead with a sale. I don't know how that can be anything other than enforcing a judgment. It seems to me that the cases you cited indicate and would support an appeal from the judgment of foreclosure itself, not from the final order of the confirmation of sale. And for that, you would need a 304A finding. If someone wanted to attack the judgment of foreclosure prior to the sale taking place, then a 304A finding might be required. In fact, probably is required. And then the case law supports that. As I said, I just can't see from any of the cases you cited or even reading all the rules and statutes together how this is a requirement. Well, again, I would come back to the point that I agree with what you're saying, but I think what I'm trying to convey is that there's really no exception for foreclosures. There's nothing in the statutes that say 304A doesn't apply. And again, if we had wanted to appeal, if we had wanted to appeal the judgment of foreclosure, and let's say we did, you would have bounced us out because there wouldn't have been jurisdiction. So the way we could have appealed is to have 304 finding in it. And the point is, what's good for the goose is good for the gander. If we can't appeal the judgment of foreclosure without 304A finding, then they can't enforce it either. The statute goes, or the Supreme Court rule 304A goes both ways. It's our point. Judgment of foreclosure is not the final judgment, counsel. The final judgment here is the confirmation of sale. So your argument really is that it's a prerequisite and there is no authority for that. I believe there is, because what I'm saying again is that there's they're attempting to enforce a judgment of foreclosure by having a sale, and they can't do that without having the 304 language in it. You're putting a different spin on what, when you say trying to enforce the judgment by having a sale. That's not the enforcement aspect of this. Well, I don't know what else it could be. That's our point is. What's your prejudice, counsel? Why do you care? Well, what we care is, well, first of all, I actually thought you might ask that, Judge. So I went and looked and shepherdized that Bank of Madison case. I know I don't want to step on toes here, but there is another case that talks about the idea that, you know, even if it seems like it's a waste of time, that's not a prejudice test. I can supplement my authority by motion if you care to, or just tell you. Well, I just want to hear your answer right now. What's your prejudice? Well, the prejudice is if we can go back to the time of the sale, maybe we can bid on the property ourselves or find somebody that might be able to bid on it, and that maybe lease the property to us. So I think that there is some prejudice that they didn't do it the right way, in our view. Go ahead. Continue. Okay. I think I've, unless the court has any other questions, I've tried to. Oh, I do. I mean, wasn't it your obligation? I do have one on that same subject. Wasn't it your obligation to ask for a 304A finding? Well. How was it the bank's obligation to ask for it? Because we think they were trying to enforce the order. So you're separating. So in some instances, if someone wants to appeal and there isn't a final judgment as to all the claims and issues, you need 304A. But then if they want to enforce, then you also need it in that instance? Is that your argument? What my argument is that it's standard procedure that under 304A, it's the debtor. If the debtor wants to appeal early, that's one thing. But if someone's trying to enforce, it's the creditor that's moving to get the language of immediate enforceability entered. I didn't think it was our job to do that. You're saying a sale, selling property is enforcing the judgment? I don't know what else it could be. I've struggled to figure out what it could be other than if you have a judgment that says sell the property, and then they go ahead and sell the property. I don't know how that can be anything other than enforcing. And I haven't heard the other side say that it's something other than enforcing. I don't know what enforcement could possibly mean in that context other than doing what the judgment says to do. Counsel, I guess one question I have following up on that, isn't it at the point of confirmation where there's an order confirming sale that the rights of the parties are finally established, a deficiency is established, all of that is contained with the order after approval, correct? I agree with that completely, Judge. I'm not saying anything to the contrary, but I'm back before we even get to the confirmation that there shouldn't have been confirmation because the sale was void and the order for confirmation is void as well. And frankly, you know, I wish there was... Are you basing that on your standing argument? Well, that in part, but I'm also, I mean, I'm back still at my first argument that everything was void because it's not like they didn't, we didn't tell them, we objected to the sale. You don't have 304 language in here. All they would have had to have done is gone and gotten it and with it. So. So counsel, have you seen 304A language in all judgments of foreclosure prior to sale? I've seen it in some. Is that standard procedure? I've seen it in some. I haven't seen it in every one I've ever looked at, but I've never been in the situation where I had to make the argument I'm making now, which again, I don't think there's really a case either way on this issue. And I'm, I'm, I hate to say it, but I'm rolling with what the Supreme court verbiage is itself. And that Matson case that says, I mean, obviously I know this mostly comes up when someone tries to appeal and they don't have 304 in. Appeal dismissed, back they go, they get their certification under 304 and then they come back. But, but it's, it seems to me the rule is broader that Matson case and other cases talk about enforcing. And, you know, again, I don't think there's anything in this mortgage foreclosure statutes itself that, that writes out of the realm of applicability, the. Well, that Matson case, that Matson case deals with, it's a collection case. It deals with supplementary proceedings, not a sale in any way. I don't know how that's analogous. Well, that's the only case I could find on just a question is I think the other side that the bank was making the argument that 304 only applies to appealability. And I was saying, no, there are, there's at least this case that talks about in terms of enforceability as well. So that's really, I'll admit it's not the clearest issue in my view, but I would submit my arguments and if you don't have any other questions, I just want to swing to my second argument, but I'd be happy to stop and listen. Go ahead. Okay. Thank you, your honors. The, uh, if you, uh, the, the second argument is that the summary judgment, you know, all the way back to the beginning was, uh, was not proper. And I go with the idea that this whole record is about as clear as mud. The plaintiff started out saying they were RMAC 2016 CT trust. They did that through requesting summary judgment, seeking the judgment of foreclosure all the way through the motion to confirm, but there's evidence in the record that we submitted that it's not that it's 217B. And then there's some letters that were sent to Nancy. And it seems to me that the proper party was never involved in the case. And that's a standing argument. In addition, it's a little bit different argument. Rushmore is the, the entity, and we had some of their documents that said that they were the only entity and authority and that the bank didn't have any authority to even proceed. That's an indispensable part. Excuse me, counsel, excuse me on that point. I think there's a more fine point to make there. The bank said that Rushmore was the servicer and that it did not have the authority to, um, um, change the terms of the loan and all of that, but it had the right certainly to proceed with the foreclosure. Moreover, it had the note in hand that had been endorsed in blank. So it's not quite as simple as that. Well, again, that may, you know, maybe at a trial, that would have been one thing, but summary judgment didn't seem to me that that was clear of record and that with the documents that were submitted, that there is a question of fact, and especially on the Rushmore, uh, maybe not necessarily even the Rushmore part of it, but the part about what number this was. I mean, each one of these trusts are different numbers. Uh, you have to have the proper party in a foreclosure. So that's what the argument that we, uh, we made in connection with that. So, uh, I guess just as a, as a basic matter, do you concede that when a note contains a blank endorsement, it's payable to the bearer and then negotiated by the transfer or possession of the instrument? Well, I agree that's basic law as far as notes, but I, I submit that when you get into a foreclosure case, even the statute talks about, you got to have the right, the right plaintiff, you got to have the right party. If you don't have the right party at the time that you're getting your judgment of foreclosure and especially getting your sale confirmed that that's a different situation altogether. So I don't really have anything else. I'll be again, happy to answer any questions, but I think I've, we've laid this out pretty well for, for the court and I thank you for your attention. Thank you, counsel, counsel for the appellee. You may proceed. Yes, may it please the court. This is Robert Dysinger on behalf of U.S. Bank. I would like to just address the matter in the same order as which we was, it was briefed in my brief, and that's first to address the 304A argument. It's the plaintiff's position that a rule 304A finding was not necessary before the property was sold at the foreclosure sale. The manner in which the foreclosure sale was conducted in this case conforms with the procedures established in the Illinois mortgage foreclosure law. Section 1507 of the foreclosure law says that upon the expiration of the redemption period, that the property shall be sold at a foreclosure sale. That's not made contingent on the court entering a finding pursuant to rule 304A that there's no just cause to delay enforcement or repeal of the order. I also noted in my brief that contrary to the defendant's position, the foreclosure sale is explicitly carved out of the statutes relating to post-judgment enforcement actions. So I don't believe there's any question there that the sale was conducted in accordance with the statute. The Illinois Supreme Court has addressed this issue before in the case of EMC Mortgage v. Kemp. In that case, the court found that, yes, the order approving the report of sale is the order that is both final and appealable, but it did also say that the judgment of foreclosure itself is finalized to the court. So proceeding to the sale post-judgment but pre-confirmation and pre-final and appealable order is the manner in which the legislature prescribed that these matters occur, and that's what happened in this case. Proceeding to the standing argument, I don't mean to belabor the point. I believe that Justice Zinoff understands our position quite well. The rule is that standing is an affirmative defense that the defendants have to plead and to prove, and in this case, the plaintiff filed an affidavit in support of his motion for summary judgment in which it stated that it was the holder of the paper endorsed in blank and that it had the right to proceed with the judgment. In response to that, the defendant pointed to a letter sent to her by U.S. Bank in which U.S. Bank explained that, yes, it's the trustee of the trust, but that Rushmore is the loan servicer, and that's wholly consistent with what was attested to in the affidavit submitted for judgment, which states that it was being executed by an employee of Rushmore Servicing as attorney-in-fact for the plaintiff trust. Lastly, I did want to address the notice issue with respect to the expiration of the period of redemption and the special right to redeem. The judgment of foreclosure did, in fact, state the expiration of the period of redemption, but it did not address anything about the special right to redeem. The statute doesn't require that to be included. It does require that the judgment include the date of the expiration of the period of redemption, but it doesn't require that the judgment include anything about the special right of redemption. Speculating, I believe that's for two reasons. First, it's not possible to state the date of the expiration of the period of the special right to redeem because it runs from the confirmation of sale, so it can't be known at the time of the entry of the judgment. I guess that's probably the best reason. And isn't the existence for whether or not there would be a special right evident only after the sale takes place? So, I'm not sure how it could be required to be in the judgment of foreclosure. Well, playing devil's advocate, I don't mean to advocate on behalf of the defendants, but hypothetically speaking, you could make it conditional, say, well, you know, it'll run from a period 30 days after the sale is confirmed if and only if the special right vests because the property was purchased back by the plaintiff. But again, that's not required by the statute, and I don't believe it should be read into the statute. It's not in there, correct. And lastly, the defendant asserted that he was not given personal notice. One of the defendants, John Stackowitz, stated that he was not given personal notice of the entry of the judgment. I also don't believe that's required in this instance. The statute and the applicable Supreme Court rules require notice to be given where an entry of judgment of foreclosure is by default. But there was a summary judgment here against Mr. Stackowitz, and so individual notice of judgment was not required to be given to him. Unless the court has any questions for me, thank you for hearing my argument, and I appreciate your time. Well, I do have a question. How do you respond to opposing counsel's argument that it was necessary, the 304A finding was required to enforce this judgment of foreclosure, that reading the Supreme Court rules together with the statute's mandates that an order and that the sale itself was equivalent to enforcement of this judgment? How do you respond to that? Well, as I previously stated, I don't believe that this is the kind of enforcement that is intended to be covered by those statutes and rules. It's not akin to a citation to discover assets, and it's not akin to a wage garnishment. Those are the kinds of things that are defined to be post-judgment enforcement mechanisms by the statutes and rules. Here, the statutes in question all explicitly carve out and exclude foreclosure sales from those statutes, so it's not considered post-judgment enforcement, even if it is taking an action that is in accordance with the court's judgment. Thank you. I see no other questions, counsel, so thank you. Mr. Riva, on behalf of Appellate, you may make your rebuttal argument. Yes, thank you so much, Your Honors. One of the points that I wanted to make is, just because no one has apparently thought of this point about needing the 304a language in there, and it should not be the be-all and end-all, I mean, we've all had cases where people don't make arguments for years about something, and then someone gets enlightened, so I come back to the point that, I don't want to belabor it, but I don't think the mortgage foreclosure statute, I mean, 15-1107, which I cite in my brief from the mortgage foreclosure, says the Supreme Court rules apply on procedure. I don't know how the rules can just be eliminated, 304a can be eliminated from consideration and just go with the mortgage foreclosure laws. I mean, if that were the case, no one could ever appeal a mortgage foreclosure case, whether they're creditor or debtor, so my point is, again, that they either have to be read in harmony, if they can be, and if 304a cannot be read in harmony with the mortgage foreclosure statutes that the Supreme Court rule, because it's procedural, and it's within the province of the Supreme Court to make rules for procedure and the conduct of cases, that that has to control, and that 304a is an overlay, and just because maybe people haven't done it before, doesn't mean that maybe they're going to have to start doing it now by putting language of 304a into the process, so I would, again, but the other thing I would mention real quickly back on the summary judgment issue, and that is, I don't think Nancy and John were given a fair shake, because at summary judgment, the courts didn't even agree to look at what material they had submitted on whether it's indispensable, party, or standing, or Rushmore, and 216ct, and D, and all these things, and that they should have, if this was not hearsay, this was their own documents that we were relying on, so I, again, I answer any questions the court may have, and I appreciate the time again as well. Thank you, your honors. Well, beyond the hearsay aspect of the, of this, these documents weren't ever authenticated, or any foundation established for them, was there? I think there was, because, I mean, foundation authentication, just the recipient of a letter should be able, can authenticate it, I received this letter, that's authenticating that the document is what it says it is. Well, not that it necessarily came from U.S. Bank, I mean, well, but. I guess my point is that they're self-authenticating, if it says U.S. Bank on it, I think that's, and she says she received. You're saying it's a self-authenticating document? If it has their name on it, if there were, if their name wasn't on it, that's, that'd be one thing, but if this is, I'm not sure we need to have U.S. Bank authenticate their own letter, if she says, I got this letter, and it says U.S. Bank, and it says, Dear Nancy Stackawitz, and it's signed by somebody for the bank, so. I see no, no other questions, counsel, so thank you for your argument, the work, we'll take this matter under advisement, and render a written decision in due course.